IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

OLAF PETER JUDA,

    Defendant.

No. CR 91-0324 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

## INTRODUCTION

Defendant, proceeding pro se, has filed a third motion for early termination of supervision. For the reasons stated below, the motion is **DENIED**. Defendant may, however, file a renewed motion for early termination in six months.

## STATEMENT

Defendant Olaf Peter Judah pled guilty in 1993 to violating the Maritime Drug Law Enforcement Act of 1986 (46 App. U.S.C. 1903(a), (j)) and committing arson on the high seas (18 U.S.C. 81). Defendant was sentenced to a term of custody with the Bureau of Prisons followed by five years of supervised release. Defendant's term of supervised release is set to expire on August 12, 2015.

On March 8, 2010, Judge Susan Illston modified the offender's conditions of supervised release to include "location monitoring technology at the discretion of the probation officer" and to bar defendant from employment on any type of watercraft (Dkt. No. 627). On June 7, 2011, the undersigned judge imposed a number of conditions of supervised release to which defendant was required to adhere. Defendant appealed to our court of appeals on the ground that this Court lacked jurisdiction to modify his conditions of release. While the appeal was pending, defendant filed the

instant *pro se* motion for early termination of supervision. On February 22, 2013, our court of appeals affirmed this Court's order modifying defendant's conditions. Defendant then filed a *pro se* petition for rehearing with our court of appeals.

Defendant's prior *pro se* motions for early termination were denied in August 2011 and October 2011, as defendant's term of supervised release had only recently begun. Defendant's current motion — his third — states that he has been transferred to "minimal administrative supervision" with a probation officer in San Diego, Elizabeth Simons, and that Ms. Simons does not object to or oppose early termination. He further asserts that there is no record of any violation of the terms of his supervised release while on supervision in San Diego.

Both the government and probation have submitted responses to defendant's motion for early termination. For the following reasons, defendant's motion to terminate supervised release is **DENIED**. Given the government's position that it is prepared to stipulate to early termination in six months time if there are no violations or concerns regarding defendant's conduct on supervised release, however, defendant may file a renewed motion for early termination on or after **SEPTEMBER 11, 2013**, which this Court will consider.

**ANALYSIS**

A court may, under factors set forth in 18 U.S.C. § 3553(a) "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

2

Defendant has completed approximately two-and-a-half years of supervised release. In that time, defendant has not been arrested or sustained any new criminal convictions and has remained substance-abuse free and complied with requirements for substance-abuse testing. Defendant is currently being supervised in the Southern District of California by United States Probation Officer Elizabeth Simons. As stated in the response submitted by probation, Officer Simons does not oppose defendant's motion. Probation Officer Bobby Love, however, recommends against early termination because defendant has not demonstrated a change in circumstances and defendant's mere compliance with the law and conditions of supervision is not sufficient to warrant an early termination for exceptional behavior.

The government likewise opposes termination of defendant's supervised release at this time. While acknowledging defendant's progress and good behavior on supervised release thus far, the government expressed concerns regarding his litigious propensities which "tend to illustrate an underlying failure to accept the realities of supervision" (Dkt. No. 712 at 2). The government also appears to indicate that supervised release is currently beneficial to defendant, where the "ultimate goal is to afford defendant Juda an opportunity to transition to an unsupervised life." If, however, defendant continues to do well on supervised release for the next six months without violations or problems, the government represents that it will stipulate to early termination.

Given the factors a court must consider under 18 U.S.C. 3583, including the nature and circumstances of the offense, deterrence, and the need to provide defendant with rehabilitation resources and incentives, this order finds that termination of supervised release at this time is not warranted. Accordingly, the motion for early termination is **DENIED**. Defendant may, however, file a renewed motion for early termination on or after **SEPTEMBER 11, 2013**.

**IT IS SO ORDERED.**

Dated: March 13, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE