IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 91-00324 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| OLAF PETER JUDA, | |
| Defendant. | |

**INTRODUCTION**

Defendant, proceeding *pro se*, has filed a fourth motion for early termination of supervised release. For the reasons stated, the motion is **DENIED**. Defendant may, however, file a renewed motion for early termination on or after **APRIL 1, 2014**.

**STATEMENT**

The background is set forth in a prior order (Dkt. No. 715). In short, defendant Olaf Peter Juda pled guilty in 1993 to violating the Maritime Drug Law Enforcement Act of 1986 and committing arson on the high seas. Defendant was sentenced to a term of custody with the Bureau of Prisons, followed by five years of supervised release. This period of supervision is set to expire on August 12, 2015.

Defendant has since filed three *pro se* motions for early termination of supervised release, denied in August 2011, October 2011, and March 2013 respectively. In the most recent denial, an order dated March 13, 2013 noted that early termination of supervision was not warranted at that time, but that defendant could file a renewed motion for early termination on or after September 11, 2013. This was in part due to the government's position that it would

stipulate to early termination if defendant continued complying with the conditions of supervised release for the next six months (Dkt. No. 715).

On September 11, 2013, defendant filed the present motion — his fourth — for early termination of supervision. In considering this motion, an order dated October 9, 2013 requested that defendant provide a sworn declaration on the status of his volunteer activities with the United States Forest Service, as referenced in one of his earlier motions for early termination. Defendant responded that he has retired from this volunteer work due to painful back injuries and two related surgeries. An attached letter from a recreation and lands officer stated that defendant performed a total of 495 hours of volunteer service, from March 2012 to July 2013 (Dkt. No. 727).

Based on defendant's submissions, as well as the government and probation's responses, the order now considers defendant's motion for early termination.

**ANALYSIS**

Under factors set forth under 18 U.S.C. 3553(a), a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Defendant has completed just over three years of supervised release. According to San Francisco Probation Officer Bobby Love, defendant has not been arrested during this time, nor has he sustained any new criminal convictions while on supervision thus far. Indeed, defendant reports that he has traveled to Mexico twice while on supervision without any problems.

Defendant has also remained substance-abuse free and complied with requirements for substance-abuse testing. Furthermore, defendant is not currently employed or working as a volunteer, as discussed above, but he receives social security benefits.

The government does not oppose defendant's latest motion. This is because defendant's supervising district (Southern District of California, where he resides) reported that defendant has been in compliance with the conditions of supervised release without any violations.

Probation Officer Love, however, does not recommend early termination at this time. In Probation Officer Love's view, defendant has not demonstrated a change in circumstances or exceptionally good behavior to warrant early termination. Probation Officer Love further submits that defendant's mere compliance with the law and the conditions of supervised release is not enough to count as exceptional behavior that may justify early termination.

In light of the factors that a court must consider under 18 U.S.C. 3583, as well as defendant's lack of employment or volunteer work, this order finds that termination of supervised release is not warranted at this time. The order understands that defendant is almost 69 years-old and that he retired from volunteering due to medical reasons. Nonetheless, there is insufficient evidence of a change in circumstances or exceptionally good behavior to terminate defendant's supervision at this point.

Defendant's motion is therefore **DENIED**. If defendant continues to perform satisfactorily and in accordance with the conditions of supervised release, it is the intention of the Court to terminate supervision early on March 31, 2014, upon proper motion and further examination. This is in large part because of defendant's behavior thus far, as well as the affirmative statement by the government that it has no opposition to early termination. Accordingly, defendant may file a renewed motion for early termination on or after **APRIL 1, 2014**.

**IT IS SO ORDERED.**

Dated: October 31, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3